UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANOVER INSURANCE CO. : | |
| : | |
| Plaintiff : | |
| : | CASE NO. 3:20-cv-776 |
| v. : | |
| : | |
| BLUEROCK ENERGY, INC. : | |
| : : | |
| Defendant : | June 4, 2020 |

## ***COMPLAINT***

**I.     NATURE OF ACTION**

1.     Plaintiff Hanover Insurance Co. ("Surety") wrote a surety bond ("Bond") for Defendant BlueRock Energy, Inc. ("Principal") in connection with business performed by Principal in the State of Connecticut. In order to induce the Surety to issue the Bond, Principal entered into a written agreement with Principal under which Principal agreed, *inter alia*, to indemnify the Surety from all losses incurred as a result of issuing surety bonds for Principal, including but not limited to claims payments, attorney's fees, costs and interest, and post cash collateral with the Surety in the event that the Surety received claims on the Bond. The Surety has received a claim on the Bond and is incurring costs and attorney's fees in administering the claim, but Principal has failed and refused to post cash collateral or indemnify the Surety for its losses. The Surety brings this action to vindicate its rights under contract and the common law for indemnity for its losses incurred to date and the posting of collateral security to secure it against further losses.

## II.   JURISDICTION

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The the parties are of diverse citizenship and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

## III.   PARTIES

3. Plaintiff Hanover Insurance Company ("Surety") is incorporated in the State of New Hampshire and has its principal place of business in the Commonwealth of Massachusetts. The Surety is authorized to write surety bonds in the State of Connecticut.

4. Defendant BlueRock Energy, Inc. ("Principal") is incorporated in the State of Delaware and has its principal place of business in New York. On information and belief, Principal operates as an energy supplier.

## IV.   CAUSES OF ACTION

### A.   COUNT ONE (Contractual Collateral Security)

1-4. Paragraphs 1 through 4 in Parts One through Three of this Complaint, *supra*, are incorporated herein as Paragraphs 1 through 4 of Count One.

5. On or about March 30, 2018, Principal executed a Multi-Purpose Bond Application ("Application") in favor of the Surety. A true copy of the Application is attached hereto as **Exhibit 1**.

9. Through the Application, Principal requested that the Surety issue a bond on its behalf naming as obligee the State of Connecticut Department of Energy and Environmental Protection Public Utilities Regulatory Authority.

10. The Application states, in part, that in the event that the requested bond was issued, the Principal agreed:

> …to completely INDEMNIFY the Surety from and against any and all liabilities, losses, costs, attorney's fees, and expenses whatsoever which the Surety shall at any time sustain as surety on this bond or any other bond issued on behalf of the Applicant, or the enforcement of this agreement of indemnity….

11. The Application further states, in part, that the Principal agreed:

> …. upon demand by the Surety, to deposit current funds with the Surety in an amount sufficient to satisfy any claim against the Surety, whether liquidated or not liquidated, that in the Surety's sole discretion is necessary to hold the Surety harmless from any potential loss, cost, or any other expense….

12. Prior to executing the Application attached as Exhibit 1, the Principal had previously executed a Multi-Purpose Bond Application running in favor of the Surety in which it agreed to indemnify the Surety for losses incurred on any bond issued by the Surety on behalf of Principal and post collateral security in regard to claims on any such bond(s).

13. In reliance on Principal agreeing to the terms set out in the Application, the Surety issued Bond No. BLS1067725 ("the Bond") to Principal with a penal sum of $250,000, naming as obligee the State of Connecticut Public Utilities Regulatory Authority ("PURA"). The Bond states, in part, that the Surety would be obligated to PURA in the event of "…Principal's nonperformance of its duties as a Connecticut electric supplier, or Principal's fraud or other violations of the laws, decisions, and orders

3

applicable to Principal's electric supplier license." A true copy of the Bond is attached hereto as Exhibit 2.

14. Through a letter to Principal dated February 18, 2020, PURA alleged that Principal was delinquent in alternative compliance payments under Connecticut's renewable portfolio standards for the years 2017 and 2018 in an amount in excess of $4,584,609.00.

15. Through a letter to the Surety dated March 20, 2020, PURA alleged that Principal had breached its obligations to make alternative compliance payments under Connecticut's renewable portfolio standards in the amount of $ 4,584,609.00. On this basis, PURA asserted a claim on the Bond in the amount of its penal sum- $250,000.

16. In a letter dated April 28, 2020, the Surety made demand on Principal under the Application to post collateral security in the amount of $250,000.

17. The Principal has failed and refused to post collateral security in violation of its contractual obligations under the Application,

### B. COUNT TWO (Common Law Exoneration)

1-16. Paragraphs 1 through 16 in Count One are incorporated herein as Paragraphs 1 through 16 of Count Two.

17. Principal is obligated under the common law to post funds with the Surety necessary to exonerate the Surety from its current and anticipated losses.

18. Principal is in breach of its common law duty of exoneration by failing and refusing to post funds with the Surety necessary to exonerate the Surety from its current and anticipated exposures.

### C. **COUNT THREE (Contractual Indemnity )**

1-16. Paragraphs 1 through 16 in Count One are incorporated herein as Paragraphs 1 through 16 of Count Three.

17. The Surety has and will continue to incur losses as a result of PURA's claim on the Bond.

18. The Principal has failed to advise the Surety of defenses to the PURA claim.

19. The Principal has failed to indemnify the Surety for its losses incurred as a result of the PURA claim.

20. The principal is in breach of its contractual indemnity obligation under the Agreement.

### D. **COUNT FOUR (Common Law Reimbursement)**

1-19. Paragraphs 1 through 19 in Count Three are incorporated herein as Paragraphs 1 through 19 of Count Four.

20. The Principal is obligated under the common law to fully reimburse the Surety for all losses incurred and to be incurred as a consequence of issuing the Bond.

21. The Principal is in breach of its common law duty of reimbursement by failing and refusing to indemnify the Surety for its losses incurred and to be incurred as a result of having issued the Bond.

WHEREFORE, the Surety prays that this Court:

1. Award monetary damages;

2. Award attorney's fees and costs;

3. Award Interest; and

4. Enter such other relief as justice requires.

        PLAINTIFF
        HANOVER INSURANCE CO.

        /s/ Matthew M. Horowitz
        Matthew M. Horowitz (ct 01747)
        Wolf, Horowitz & Etlinger, LLC
        750 Main Street, Suite 606
        Hartford, CT 06103
        PH:  (860) 724-6667
        FX:  (860) 293-1979
        Email: mhorowitz@wolfhorowitz.com
        Juris No. 402488

205695